

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00224-CV

**IN RE TEMPUS HOLDINGS, INC.** d/b/a The Lodge Card Club, and Locus Enterprises, LLC

Original Proceeding[1]

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
    Irene Rios, Justice
    Adrian A. Spears II, Justice

Delivered and Filed: June 10, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators, Tempus Holdings, Inc. and Locus Enterprises, LLC, seek a writ of mandamus directing the trial court to vacate its February 12, 2026 order denying attorney Arlan P. Caplan's motion to appear *pro hac vice*. We ordered the real party in interest, GTH Services, Inc., and the respondent to file their responses, if any, no later than April 23, 2026. GTH Services filed a response, and relators have filed a reply. Because the order rests on no ground that constitutes good cause for denial under Rule 19 of the Rules Governing Admission to the Bar of Texas and relators lack any remedy by appeal, we conditionally grant the petition.

---

[1]This proceeding arises out of Cause No. 2025CI13297, styled *GTH Servs., Inc. v. Tempus Holdings, Inc.*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Tina Torres presiding.

## I.     BACKGROUND

The underlying litigation is a debt-collection action by GTH Services against relators and additional defendants concerning charges for water-damage remediation. On November 4, 2025, Caplan filed a motion to appear *pro hac vice* in the underlying suit. Caplan is a member of the Massachusetts state bar in good standing and is admitted in multiple federal courts. On January 13, 2026, the trial court held a hearing on the motion. Counsel for GTH Services appeared and presented argument but offered no exhibits and had filed no written response. The trial court took the matter under advisement. Following the hearing, GTH filed a post-hearing supplemental brief, and relators filed a reply. The judge's notes stamped the day of the hearing indicate that the motion was denied the afternoon of January 13, 2026.

GTH Services filed a motion for entry of order on January 27, 2026. The proposed order provided no reasons for denial of the motion. Relators opposed the motion. A hearing was then held on February 12, 2026 on the motion for entry of the order denying Caplan's motion to appear pro hac vice. At the hearing to enter order, relators requested that the trial court provide:

> [A] reason, any reasoning that the Court based on any evidence decided in this case or any finding that Caplan's application it was deficit or any conduct by Counsel Caplan that would justify his denial under Texas law or whether he had excessive prior appearances under Section 82.0361 or any finding that his entering the case would prejudice the plaintiffs in any way.

The court responded;

> Okay. I'm just going to do a simple order. And I did read your case law, sir, and I didn't – there was different – I didn't – I read the case law on, you know, when people should and should not be allowed to come in *pro hac vice* and I didn't think that in this case that it was appropriate.

The court issued an order that day denying Caplan's motion to enroll *pro hac vice*. The order did not give any reason. This original proceeding ensued.

## II.    MANDAMUS STANDARD

"Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024); *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *AutoZoners*, 694 S.W.3d at 223; *see also GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). "Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004).

## III.    ANALYSIS

A litigant's right to select their own counsel is a significant one. *See Sanders*, 153 S.W.3d at 57 ("Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings."). Although traditionally measured against Texas licensed counsel, the right to select one's own counsel is not attenuated merely because the attorney is licensed in another jurisdiction, but otherwise qualified under the Rules Governing Admission to the Bar of Texas. *See AutoZoners*, 694 S.W.3d at 222, 225-26.

The Rules Governing Admission to the Bar of Texas, which has been adopted by the Texas Supreme Court, provide that "[a] reputable attorney, licensed in another State or in a foreign jurisdiction but not in Texas, who resides outside of Texas may seek permission to participate in the proceedings of any particular cause in a Texas court…." TEX. R. GOV. BAR ADMIS. 19(a). The out-of-state attorney must file a sworn motion to appear *pro hac vice* that provides certain information, including a statement that the attorney is familiar with, and will abide by, Texas's rules governing the conduct of attorneys. TEX. R. GOV. BAR ADMIS. 19(a).

Whether to admit the non-resident attorney *pro hac vice* is generally left to the trial court's discretion. *AutoZoners*, 694 S.W.3d at 222; *State Bar of Tex. v. Belli*, 382 S.W.2d 475, 476 (Tex. 1964). In exercising this discretion, Rule 19(d) allows the trial court to examine the non-resident attorney:

> The court may examine the non-resident attorney to determine that the non-resident attorney is aware of and will observe the ethical standards required of attorneys licensed in Texas and to determine whether the non-resident attorney is appearing in courts in Texas on a frequent basis. If the court determines that the non-resident attorney is not a reputable attorney who will observe the ethical standards required of Texas attorneys, that the non-resident attorney has been appearing in courts in Texas on a frequent basis, that the non-resident attorney has been engaging in the unauthorized practice of law in the State of Texas, or that other good cause exists, the court or hearing officer may deny the motion. TEX. R. GOV. BAR ADMIS. 19(d).

The "practice of law" is defined as:

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court[,] as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined." TEX. GOV'T. CODE § 81.101(a).

The list of enumerated activities is not exhaustive. *Id.* § 81.101(b).

The order before us does not state which Rule 19(d) ground, if any, the trial court found applicable. The reporter's record from the February 12, 2026 hearing on GTH Service's motion to enter reflects that respondent declined to provide any reason, but "didn't think that in this case that it was appropriate." The record presented does not permit us to infer that the trial court determined that any enumerated ground exists.

The arguments made by GTH Services at the trial court fall into three categories under Rule 19(d): (1) that Caplan engaged in the unauthorized practice of law; (2) that he is not a

reputable attorney who will observe the ethical standards required of Texas attorneys; and (3) that "other good cause" exists to deny the motion. None of those grounds are supported by this record.

The Texas Supreme Court has held that "[t]he presence of the names of additional, out-of-state counsel below the signature of the licensed Texas attorney who signs and files a document is no evidence that the out-of-state counsel engaged in the unauthorized practice of law and provides no basis to deny *pro hac vice* motions by the out-of-state attorneys." *AutoZoners*, 694 S.W.3d at 223; *see also Verhalen v. Akhtar*, 699 S.W.3d 303, 307 (Tex. 2024) ("[W]e recently rejected the notion that an attorney's mere appearance on the signature line of a pleading demonstrates that attorney's active involvement in the case.") (citing *AutoZoners*, 694 S.W.3d at 223). The pleadings complained of by GTH Services were signed and filed by licensed Texas attorneys, not Caplan. Caplan's attendance at a single deposition, where he identified himself but asked no questions and was accompanied by licensed Texas counsel, likewise does not constitute the practice of law under section 81.101(a).

As to whether Caplan is a reputable attorney who will observe the ethical standards required of Texas attorneys, Caplan's sworn motion attests, without contradiction, that he is an active member of the Massachusetts bar in good standing, admitted in numerous federal courts, and has been approved to appear *pro hac vice* on a case-by-case basis in fifteen different states. Caplan further attests, without contradiction, that he has not been the subject of any disciplinary action in the last five years, nor has he been denied admission in any state or federal court over that period. There is nothing in the record to suggest that he fails to satisfy the required ethical standards.

GTH Services assertion that Caplan would be disqualified as a material witness under Rule 3.08 of the Texas Rules of Disciplinary Conduct is also unsupported by the record. Rule 3.08

prohibits an attorney from representing a client in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that he may be a necessary witness to establish an essential fact on behalf of the lawyer's client. *See* TEX. DISC. R. PROF'L CONDUCT 3.08(a). "The fact that a lawyer serves as both an advocate and a witness does not, standing alone, compel disqualification." *In re Garza*, 373 S.W.3d 115, 117–18 (Tex. App.—San Antonio 2012, no pet.) Rather, "the party seeking disqualification [should be required to] demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990). The record does not reflect that Caplan is necessary to establish any essential fact on behalf of relators, nor that GTH Services would suffer any actual prejudice from such a dual role.

The other "good causes" asserted by GTH Services are that Caplan's role would be duplicative, that he lacked experience in commercial debt-collection matters, and that his billing rate was more than what GTH Services thought was reasonable. None of these concerns satisfy Rule 19(d). The number of attorneys that a party retains and how much they are compensated is not committed to the trial court's discretion under Rule 19, and the right of a litigant to be represented by the counsel of its choice, including nonresident counsel, is a substantial one. None of GTH Services' complaints would abrogate that right.

Because the order does not provide any ground that constitutes good cause to deny Caplan's motion to enroll *pro hac vice* under Rule 19 and the record does not permit us to infer that the trial court had one, the trial court's order denying Caplan's motion was a clear abuse of discretion. *See AutoZoners*, 694 S.W.3d at 226. This error deprives relators of their counsel of choice, which cannot be remedied by appeal. *Id.*; *see Walker*, 827 S.W.2d at 840.

**IV.     CONCLUSION**

We conditionally grant the petition for writ of mandamus. Tex. R. App. P. 52.8(c). The trial court is directed to withdraw its order denying Caplan's motion to enroll pro hac vice and to grant the motion. We are confident the court will comply, and the writ will issue only if we are advised that it has not within fifteen (15) days of this order.


Adrian A. Spears II, Justice